**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:26-cv-61399-KMM

RONNIER ALEXANDER ASTUDILLO DIAZ,

      Petitioner,

v.

WARDEN, Broward Transitional Center, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court upon Petitioner Ronnier Alexander Astudillo Diaz's

Petition for Writ of Habeas Corpus (the "Petition" or "Pet."). (ECF No. 1). The Court issued an

Order to Show Cause (the "OTSC") requiring Respondent to file a memorandum of fact and law

to show cause why the Petition should not be granted. *See generally* (ECF No. 3). Respondents

thereafter filed a Response to Order to Show Cause (the "Response" or "Resp.") (ECF No. 5).

While Petitioner's time to reply to the Response has not yet expired, the Court nevertheless

proceeds now with adjudicating the Petition as Respondent has indicated it does not oppose the

pertinent relief requested. *See* Resp. at 2. As set forth below, the Petition is GRANTED IN PART

as to Petitioner's entitlement to a bond hearing. The Court makes no determination as to whether

Petitioner is in fact entitled to be released following such a hearing.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner alleges he has been detained since May 4, 2026, by Respondent Immigration and

Customs Enforcement ("ICE"), named through its Acting Director, Todd Lyons. Pet. ¶ 1. He

alleges he was arrested when leaving the parking lot of his workplace in Doral, Florida, and that

he has been held continuously since his arrest without either a bond hearing or any individualized

custody determination. *Id.* Petitioner is a citizen and native of Venezuela who is currently being detained at Broward Transitional Center at 3900 N. Powerline Road, Pompano Beach, Florida, 33073. *Id.* ¶ 8. Petitioner initially lawfully entered the United States in 2012 and 2018, while possessing a B-1/B-2 nonimmigrant visa that was valid through December 12, 2021. *Id.* ¶ 15. His most recent entry into the United States was on June 8, 2019, where he was admitted as a B-2 nonimmigrant visitor with authorization to remain through December 7, 2019. *Id.* ¶ 16. On December 17, 2019, he filed a Form I-589 Application for Asylum and for Withholding of Removal with the United States Citizenship and Immigration Services ("USCIS"); this application has been pending since then. *Id.* ¶ 18.

Further, Petitioner has been continuously authorized to lawfully work in the United States since June 2020. *Id.* ¶ 19. The USCIS also approved his application for Temporary Protected Status on December 16, 2023, conferring statutory protections to him through September 10, 2025. *Id.* ¶¶ 20–21. Finally, on May 4, 2026, Petitioner was arrested by ICE while ICE conducted a broad enforcement operation, even as Petitioner alleges he "was not committing any crime, was not at a port of entry, was not applying for admission, and was not 'seeking' anything[.]" *Id.* ¶ 22. The Department of Homeland Security issued a Notice to Appear, charging Petitioner with overstaying pursuant to 8 U.S.C. § 1227(a)(1)(B) and scheduling an initial hearing before an Immigration Judge on June 5, 2026. (ECF No. 1) ¶ 23. However, Petitioner, who remains continuously detained in the Southern District of Florida, has had no bond hearing. *Id.* ¶ 25.

Now, Petitioner brings the following claims: (1) unlawful detention, as 8 U.S.C. § 1226(a) governs and entitles Petitioner to a hearing; (2) unlawful detention for the separate reason that Petitioner was admitted and was protected with Temporary Protected status, meaning § 1225(b)(2)(A) cannot apply to him; (3) violation of the due process clause; and (4) for an injunction

2

preventing Petitioner's transfer to the Imperial Regional Detention Facility ("IRDF"), 2409 La Brucherie Road, Imperial, California, 92251. (ECF No. 1) ¶¶ 27–44. Further, he seeks the following relief: (1) a writ of habeas corpus ordering his immediate release from custody; (2) alternatively, order Respondents to provide Petitioner with an individualized bond hearing within 72 hours; (3) issue an emergency order enjoining Respondents from transferring Petitioner outside the Southern District of Florida; (4) issue an emergency order enjoining Respondents from removing Petitioner from the United States; (5) declare that Petitioner's continued detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment; (6) award Petitioner his costs and attorneys' fees pursuant to the Equal Access to Justice Act; and (7) grant other and further relief that the Court deems equitable and proper. (ECF No. 1) at 13–14.

In the OTSC, the Court, assumed jurisdiction over the Petition, ordered that Petitioner was not to be transferred out of this District until the instant proceedings are terminated (or, alternatively that he be transferred back to the Southern District of Florida if he had already been transferred out), and ordered Respondent to file a memorandum of law and fact to show cause why the Petition should not be granted. *See* (ECF No. 3) at 3–5.

## II. LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 533 U.S. 674, 693 (2008) (citation omitted). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that

confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Further, for "'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court's habeas jurisdiction extends to challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

### a.   The Policy

The new policy underlying this action, "Interim Guidance Regarding Detention Authority for Applicants for Admission" (the "Policy"), was announced by ICE and promulgated by DHS in coordination with the DOJ and defines an "applicant for admission" as an "alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1)." *ICE Memo:  Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (the "ICE Memo"). The Policy then states that "[e]ffective immediately, it is the position of DHS that such aliens are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA § 212(d)(5) parole." *Id.*  Contrary to previous practice, the Policy imposes mandatory detention regardless of the circumstances of an alien's entry without inspection or admission. *See generally* ICE Memo.

The BIA adopted a consistent position in *Matter of Yajure Hurtado*, which affirmed as a matter of first impression an Immigration Judge's holding that "he lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and the

4

regulation at 8 C.F.R. § 235(B)(1)(ii)." 29 I. & N. Dec. 216, 229 (BIA 2025).  On February 18, 2026, the Honorable Sunshine S. Sykes of the United States District Court for the Central District of California issued an Order wherein *Matter of Yajure Hurtado* was vacated as contrary to law under the APA.  *See* Order Granting Plaintiff Petitioners' Motion to Enforce Judgment at 19, *Maldonado Bautista et al. v. Santacruz Jr. et al.*, No. 5:25-cv-01873 (C.D. Cal. Feb. 18, 2026). However, that decision was appealed and the Ninth Circuit granted the Government's request for a stay pending appeal of certain orders issued in the Central District of California case, including the order vacating *Matter of Yajure Hurtado*.  *See* Order from Ninth Circuit Court of Appeals, *Maldonado Bautista et al. v. Santacruz Jr. et al.*, No. 5:25-cv-01873 (C.D. Cal. Mar. 31, 2026). Thus, *Matter of Yajure Hurtado* remains in effect pending resolution of that appeal.

Immigration Court refusals to provide bond hearings had already been the subject of much dispute, and as discussed below the Policy has been heavily litigated across the country.  The overwhelming outcome of these cases—including in this District—was initially a rejection of refusals to hear bond and/or the Policy as violating the INA in applying § 1225(b), instead of § 1226(a) as required by the INA, to people who entered without admission but were apprehended some time after prior entry, in contrast to those apprehended upon entry or soon thereafter at U.S. ports of entry.  *See generally, e.g.*, *Puga v. Ass. Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-cv-24535, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Sanchez-Moralez v. Field Off. Dir., Miami Field Off., U.S. Immigr. & Customs Enf't*, No. 26-cv-20217, 2026 WL 496726 (S.D. Fla. Feb. 23, 2026) (Becerra, J.); *Castro v. Parra*, No. 26-cv-20422, 2026 WL 788019 (S.D. Fla. Mar. 20, 2026) (Bloom, J.); Order, *Cerro Perez v. Parra et al.*, No. 25-cv-24820, at *6–11 (S.D. Fla. Oct. 27, 2025) (ECF No. 9) (collecting cases).  Nevertheless, a distinct split has emerged since.  *See generally, e.g.*, *Rocha Vargas v. Miami Fed. Det. Ctr.*, No. 25-cv-25966,

2026 WL 911291 (S.D. Fla. Apr. 2, 2026) (Ruiz, J.) (finding detention pursuant to § 1225(b) proper); *Morales v. Noem*, No. 25-cv-62598, 2026 WL 236307 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) (same); *Mokanu v. Warden Miami Fed. Det. Ctr.*, No. 25-cv-24121, 2026 WL 472294 (S.D. Fla. Feb. 19, 2026) (Artau, J.) (same); *Hernandez v. Miami Field Off. Dir.*, No. 26-cv-20440, 2026 WL 554694 (S.D. Fla. Feb. 27, 2026) (Altman, J.) (same).

The Fifth and Eighth Circuits have both recently held, as the first Circuit Courts to do so, that aliens in situations such as Petitioner's are properly detained pursuant to § 1225(b)(2)(A) and are therefore not entitled to release on bond. *See generally Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On the other hand, the Second Circuit in *Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044 (11th Cir. Apr. 28, 2026) determined that those same aliens are properly detained pursuant to § 1226(a) and are therefore entitled to a bond determination. The Eleventh Circuit, within which this Court sits, has now similarly found that § 1226(a), and not § 1225(b)(2)(A), covers the detention of aliens found already present in the country and therefore that such detainees are eligible for bond while going through immigration proceedings. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, Nos. 25-14065, 25-14075, 2026 WL 1243395 (11th Cir. May 6, 2026).

### b. Administrative Exhaustion

As an initial matter, the Court agrees with Petitioner that administrative exhaustion would be futile. *See* Pet. ¶ 6. Exhaustion may be excused "where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citations omitted). This is plainly the case here, where Immigration Judges may only properly reach one conclusion absent new precedent from the BIA. *See Puga*, 2025 WL 2938369, at *2 ("Thus, considering *Matter of Yajure Hurtado*, it appears evident that an

alien like Petitioner, who has resided in the United States for years but has not been admitted or paroled, will be subject to mandatory detention without bond under section 1225(b)(2) upon review by the BIA." (citing *Matter of Yajure Hurtado*, 29 I&N Dec. at 221)); Order, *Cerro Perez*, No. 25-cv-24820, at *3 (S.D. Fla. Oct. 27, 2025) (ECF No. 9) (finding initial bond hearing request futile).

The Court fails to find any basis upon which a bond appeal to the BIA or request for reconsideration or release to an Immigration Judge could possibly result in an outcome other than sustaining Petitioner's detention pursuant to § 1225(b)(2)(A) to the extent *Matter of Yajure Hurtado* continues to be in effect while the Ninth Circuit appeal in *Maldonado Bautista* remains pending. Thus, the Court finds that any prudential exhaustion requirements that may be applicable here are excused for futility.

### c. Statutory Framework

Turning then to the merits of the Petition, as an initial matter, "[t]he question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction." *Sanchez-Moralez*, 2026 WL 496726, at *3. The Eleventh Circuit has now directly answered this question: § 1226(a) applies to "unadmitted aliens found in the interior of the United States." *Hernandez Alvarez*, 2026 WL 1243395, at *1. In reaching this conclusion, the Eleventh Circuit considered the text, statutory structure, and history of the INA to determine that the terms "applicant for admission" and "seeking admission" may be synonymous on their plain and ordinary meaning but cannot mean the same thing here where "applicant for admission" is a defined term and "seeking admission" is not. *See id.* at *5–20. As set forth below, this is dispositive of which provision applies to the detention of aliens already present in the United States.

An "applicant for admission" under 8 U.S.C. § 1225 is defined as an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." *Id.* § 1225(a)(1).  Section 1225(b)(1) encompasses "all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation," which group of people is generally subject to expedited removal unless they are referred for a credible fear interview and thereby detained pending further consideration of their asylum claim.  *Id.*

Section 1225(b)(2) is broader and "serves as a catchall provision that applies to applicants for admission not covered by § 1225(b)(1)," subject to several exceptions.  *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  Under § 1225(b)(2), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title," which governs removal.  8 U.S.C. § 1225(b)(2)(A); *id.* § 1229a. The term "seeking admission" is not defined.  *See id.* § 1225(b)(2)(A); *see generally id.* § 1101. Importantly, detention under § 1225(b)(2) is mandatory, subject to DHS's discretionary parole authority "on a case-by-case basis for urgent humanitarian reasons or significant public benefit." *See* 8 U.S.C. § 1225(b)(2); 8 U.S.C. § 1182(d)(5)(A); *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025); 8 U.S.C. § 1182(d)(5)(A).  Such discretionary parole, however, "shall not be regarded as an admission of the alien" and once the purposes thereof have been satisfied, the "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  8 U.S.C. § 1182(d)(5)(A).

The Government is also permitted to "detain certain aliens already in the country pending

the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 289.  Section 1226(a) provides that upon warrant issued by the Attorney General, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Subject to the provisions of § 1226(c), which applies to the detention of aliens facing criminal charges, pending a decision on whether an alien is to be removed, the Attorney General:  (1) may continue detention; (2) may allow release on a bond of at least $1,500 or on conditional parole; and (3) may not provide work authorization unless the alien is a lawful permanent resident or otherwise would receive such authorization.  *Id.* §§ 1226(a)(1)–(3).

Unlike § 1225(b)(2), § 1226 provides for a "discretionary detention framework."  *See* 8 U.S.C. § 1226(a); *Gomes*, 804 F. Supp. 3d at 269.  The arresting immigration officer makes an initial custody determination, which aliens detained under this provision may appeal in a bond hearing before an Immigration Judge.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1).  Federal regulations require that under § 1226(a), detainees are entitled to "bond hearings at the outset of detention."  *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("To be sure, a noncitizen detained under § 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").[1]

The crucial determination, therefore, is whether a person found within the United States and detained in a manner unrelated to any immigration actions (e.g., after a normal traffic stop rather than upon applying for asylum) is nevertheless properly considered an "alien seeking admission" so as to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  Such a finding would require a reading that all "applicants for admission," which is any alien present

---

[1] To the extent other cases use the term "noncitizen" interchangeably with "alien," the Court notes that the term "noncitizen" does not appear in the applicable provisions of the INA.  The Court uses the term "alien" herein according to its meaning in the applicable provisions of the INA.

without admission or arriving, are also "seeking admission." *Id.* As discussed above, the Eleventh Circuit found that those two terms are not in fact synonymous, and that a person may fall within the definition of "applicant for admission" without also seeking admission, which in that case was detention following a traffic stop. *Hernandez Alvarez*, 2026 WL 1243395, at *8 ("Petitioners were not applying for entry in any literal sense when they were detained following a traffic stop, nor were they taking any cognizable step to obtain the rights and privileges of lawful entry."); *see also Buenrostro-Mendez*, 166 F.4th at 511 (Douglas, J., dissenting) ("The majority's attempt to read the definition of 'applicant for admission' back into the phrase 'seeking admission,' as if sharing a word necessitates sharing a meaning, is unpersuasive.").

As the Supreme Court has noted, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality." *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958). In this vein, the Eleventh Circuit concludes as follows:

> Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing. We are obliged to read the words found in the statute—"an alien who is an applicant for admission" and "an alien seeking admission"—in line with the meaning Congress has given them. When we do so, it appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years.
>
> We therefore reject the Government's reading and affirm the district court's orders granting each of the Petitioners habeas corpus relief.

*Hernandez Alvarez*, 2026 WL 1243395, at *21.

### d. Petitioner's Detention

Applying the foregoing, Petitioner is properly considered an applicant for admission as an alien present in the United States who has not been admitted under § 1225(a)(1), but is not "seeking

admission" within the meaning of § 1225(b)(2)(A).  As discussed above, "seeking admission" and "applicant for admission" are not synonymous, and there is no basis to conclude here that Petitioner was attempting to secure admission into the country when detained.  Additionally, the Response, filed on behalf of named Respondents, indicates that upon review of the Petition and in light of the Eleventh Circuit's decision on this issue discussed above, "Respondents do not oppose Petitioner's claim seeking a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)."  Resp. at 1–2.  Thus, the Court finds that § 1226(a) and its implementing regulations govern Petitioner's detention, not § 1225(b)(2)(A), and therefore that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241.  Accordingly, Petitioner is entitled to an individualized bond hearing as a detainee under § 1226(a).

### e.  Due Process Violation

The Court will not reach the merits of Petitioner's due process claims because the statutory relief is granted for the reasons stated above.  *See Puga*, 2025 WL 2938369, at *6; *Castro*, 2026 WL 788019, at *6.  Should Respondents fail to provide Petitioner with a bond hearing as ordered herein, or should such a hearing result in his continued detention and he continue to not be removed in the near future, Petitioner may renew his due process claims.

## IV.    CONCLUSION

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Petition (ECF No. 1) is GRANTED IN PART.  Count III of the Petition is DISMISSED WITHOUT PREJUDICE.  Within seven (7) days of this Order, Respondents shall provide Petitioner with an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.  Such bond may not be denied on the basis that Petitioner is detained

11

pursuant to § 1225(b)(2).

     DONE AND ORDERED in Chambers at Miami, Florida, this __18th__ day of May, 2026.


                                         K. MICHAEL MOORE
                                         UNITED STATES DISTRICT JUDGE

c: All counsel of record